**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Mutual Fire Insurance Company, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| Lexington Insurance Company, | ) ) ) |
| Defendant. | ) ) ) |

No. CV-13-01505-PHX-PGR

ORDER

In a complaint filed on July 25, 2013, the plaintiff alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[1]  Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of diversity of citizenship jurisdiction.  The Court will therefore require the plaintiff to file an amended complaint curing the pleading deficiencies.  *See* 28 U.S.C. § 1653.

Since it is to be presumed that a cause of action lies outside of this Court's limited subject matter jurisdiction unless the contrary is established by the party

---

[1]
    Although the complaint further alleges that "[j]urisdiction is also appropriate under 28 U.S.C.A. §2201[,]" the Court notes that it is well established that § 2201 is not a jurisdictional statute.

1    asserting jurisdiction, <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375,

2    377, 114 S.Ct. 1673, 1677 (1994), the Supreme Court has long since, and

3    repeatedly, made clear that

4    > [t]he established rule is that a plaintiff, suing in federal court, must show
     > in his pleading, affirmatively and distinctly, the existence of whatever is
5    > essential to federal jurisdiction, and, if he does not do so, the court, on
     > having the defect called to its attention or on discovering the same,
6    > must dismiss the case, unless the defect be corrected by amendment.

7    <u>Smith v. McCullough</u>, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926).  The plaintiff has

8    not met its jurisdictional pleading burden because the complaint fails to affirmatively

9    set forth the facts necessary for the Court to determine the citizenship of either party.

10        The jurisdictional allegations concerning the citizenship of the parties are

11   facially deficient because they merely state that the plaintiff is "a Wisconsin

12   corporation doing business in Maricopa County, State of Arizona" and that the

13   defendant is "a Delaware corporation licensed and doing business in Maricopa

14   County and doing business in Maricopa County, State of Arizona."   Since a

15   corporate party is a citizen of the state by which it was incorporated and of the state

16   where it has its principal place of business, 28 U.S.C. § 1332(c)(1), diversity of

17   citizenship jurisdiction is not properly set forth in a complaint unless all of this

18   required information is affirmatively alleged.

19        The plaintiff is advised that its failure to timely file an amended complaint that

20   cures these pleading deficiencies by affirmatively setting forth each party's state of

21   incorporation and state of its principal place of business will result in the dismissal

22   of this action without further notice for lack of subject matter jurisdiction.   Therefore,

23        IT IS ORDERED that the complaint in this action is dismissed for lack of subject

24   matter jurisdiction.

25        IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint

26

- 2 -

1   properly stating a jurisdictional basis for this action no later than **August 31, 2013.**

2        DATED this 21st day of August, 2013.

3

4

5        Paul G. Rosenblatt
         United States District Judge

- 3 -